[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-11973
Non-Argument Calendar

_____

D.C. Docket No. 0:14-cr-60278-JIC-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ELIAZER PONCE MARTINEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 12, 2015)

Before MARCUS, WILLIAM PRYOR and FAY, Circuit Judges.

PER CURIAM:

Eliazer Ponce Martinez appeals his 188-month sentence, imposed at the low

end of the advisory guidelines after a two-category downward departure in his

criminal history category, for conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 846. He argues on appeal that: (1) the district court abused its discretion when it denied his motion for a continuance of his sentencing hearing; (2) the district court erred by failing to apply a two-step minor role adjustment under U.S.S.G. § 3B1.2(b); and (3) the district court erred by departing downward only two criminal history categories rather than three. After thorough review, we affirm.

We review the district court's denial of a motion to continue sentencing for abuse of discretion. United States v. Douglas, 489 F.3d 1117, 1128 (11th Cir. 2007). A district court's ruling that a defendant is not entitled to a reduction for a minor role in the offense is a finding of fact, reviewed for clear error. United States v. Rodriguez De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). We review our own jurisdiction de novo and must raise the issue sua sponte. United States v. Lopez, 562 F.3d 1309, 1311 (11th Cir. 2009). We review the sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)).

First, we are unpersuaded by Martinez's claim that the district court abused its discretion by denying the last-minute motion for a continuance so that Martinez

2

could attempt to obtain mitigation testimony from his co-defendants.  We consider

four factors in analyzing the denial of a sentencing continuance:

> (1) the diligence of the defense in interviewing the witness and procuring his testimony; (2) the probability of obtaining his testimony within a reasonable time; (3) the specificity with which the defense was able to describe the witness's expected knowledge or testimony; and (4) the degree to which such testimony is expected to be favorable to the accused, and the unique or cumulative nature of the testimony.

Douglas, 489 F.3d at 1128.

Here, the record reveals that the district court had the facts from the factual

proffer in the plea agreement before it at sentencing.  Because the district court

later observed that Martinez's own testimony was incredible because it

contradicted the proffer, any testimony from co-defendants that agreed with

Martinez's would not have been significantly favorable to him.  Moreover, the

district court noted the uncertainty of obtaining this testimony and the lack of

diligence on Martinez's part in not bringing the matter to his attorney's attention

earlier.  In light of the Douglas factors, the district court's denial of the

continuance was not an abuse of discretion.

We also find no merit to Martinez's claim that he district court erred in

denying him a minor-role reduction in sentencing.  The defendant bears the burden

of establishing his qualification for a minor role reduction by a preponderance of

the evidence.  United States v. Alvarez-Coria, 447 F.3d 1340, 1343 (11th Cir.

3

2006).  A defendant who does not object to the facts in a presentence investigation report ("PSI") is deemed to have admitted them for sentencing purposes.  See United States v. Wade, 458 F.3d 1273, 1277 (11th Cir. 2006). "A sentencing court's findings of fact may be based on undisputed statements in the PSI." United States v. Bennett, 472 F.3d 825, 832 (11th Cir. 2006).

Under U.S.S.G. § 3B1.2, a defendant may receive a two-level reduction "[i]f the defendant was a minor participant in any criminal activity."  U.S.S.G. § 3B1.2(b).  The application notes to § 3B1.2 say that the section "provides a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant."  Id. § 3B1.2, comment. (n.3(A)).  The determination of whether to apply a mitigating role adjustment "is heavily dependent upon the facts of the particular case."  Id. § 3B1.2, comment. (n.3(C)).  In general, the two-level minor role adjustment "applies to a defendant . . . who is less culpable than most other participants, but whose role could not be described as minimal." Id. § 3B1.2, comment. (n.5).

In determining whether to grant a minor role reduction, "(1) the court must compare the defendant's role in the offense with the relevant conduct attributed to him in calculating his base offense level; and (2) the court may compare the defendant's conduct to that of other participants involved in the offense." Alvarez-Coria, 447 F.3d at 1343.  "[A] defendant is not automatically entitled to a minor

4

role adjustment merely because [he] was somewhat less culpable than the other discernable participants." United States v. Bernal-Benitez, 594 F.3d 1303, 1320-21 (11th Cir. 2010) (quotations omitted). It is possible that that none of the participants in a scheme are entitled to a minor or minimal role reduction. De Varon, 175 F.3d at 944.

Here, the district court did not clearly err in finding that Martinez was not entitled to a minor role adjustment. Based on the facts in the PSI, to which Martinez did not object, he was the contact person who "facilitated" the meeting at which the sale of drugs was to take place. He spoke to the undercover detective on the telephone and arranged the time and place at which the undercover detective met the other co-defendants. Thus, the district court found it incredible that he was unaware what the purpose of the meeting was. Though Martinez might be less culpable than others in the conspiracy, that fact still would not require the district court to find that he played a minor role. The district court agreed with the government that Martinez's role was perhaps less than a leader, but more than a minor participant. It did not clearly err in making that finding.

Finally, we reject Martinez's argument that the district court erred by departing downward only two criminal history categories rather than three. It is well established that we lack jurisdiction to review a district court's discretionary decision to deny a downward departure unless the district court incorrectly

5

believed that it lacked authority to grant the departure. See United States v. Winingear, 422 F.3d 1241, 1245-46 (11th Cir. 2005). "[W]hen nothing in the record indicates otherwise, we assume the sentencing court understood it had authority to depart downward," and the sentencing court's decision not to depart downward is not reviewable. United States v. Dudley, 463 F.3d 1221, 1228 (11th Cir. 2006) (quotations omitted).

In reviewing the "'substantive reasonableness of [a] sentence imposed under an abuse-of-discretion standard,'" we consider the "'totality of the circumstances.'" Pugh, 515 F.3d at 1190 (quoting Gall v. United States, 552 U.S. 38, 51 (2007)). The district court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a).[1] We will not reweigh the relevant § 3553(a) factors, and will not remand for resentencing unless the district court committed a clear error of judgment in weighing the § 3553(a) factors by imposing a sentence outside the range of reasonable sentences. United States v. Langston, 590 F.3d 1226, 1237 (11th Cir. 2009). The party challenging the sentence bears the burden to show it is

---

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

unreasonable.  United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010).

While we do not automatically presume a sentence falling within the guideline

range to be reasonable, we ordinarily expect that sentence to be reasonable.  United

States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).  A sentence imposed well

below the statutory maximum penalty is another indicator of reasonableness.

United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008).

To the extent Martinez is challenging the district court's choice to depart

downward only two criminal history categories, we have jurisdiction to review that

decision only if the district court indicated that it believed it lacked authority to

depart further.  Here, there is nothing in the record to indicate that the district court

believed it lacked authority to depart downward three categories instead of two.

We, therefore, lack jurisdiction to review that decision.

To the extent Martinez is challenging the substantive reasonableness of his

sentence, we expect a below-guidelines sentence -- like the one in this case -- to be

reasonable.  Moreover, the district court observed that a two-category departure

was "appropriate," because the PSI category overrepresented the seriousness of the

offenses.  The district court also said that it didn't "mean to in any way minimize

traffic offenses" such as Martinez's DUI, reckless driving, and suspended license

convictions.  Nothing in this record suggests that the district court weighed the §

3553(a) factors in an unreasonable manner.

7

**AFFIRMED**.